**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| **CISSEY HARVEY** § <br>    **Plaintiff** § <br> § <br> § <br> **vs.** § <br> § <br> **UNITED OF OMAHA LIFE** § <br> **INSURANCE COMPANY, LINCOLN** § <br> **NATIONAL LIFE INSURANCE** § <br> **COMPANY AND HEARTLAND** § <br> **SECURITY INSURANCE GROUP, INC.** § <br>    **Defendants** § | **CIVIL ACTION NO. _____** |

**PLAINTIFF'S ORIGINAL COMPLAINT**

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES Cissey Harvey, Plaintiff, and files this her Original Complaint against Defendants, United of Omaha Life Insurance Company, Lincoln National Life Insurance Company and Heartland Security Insurance Group, Inc., and for such cause of action would respectfully show the court as follows:

**PARTIES**

I.

Plaintiff, Cissey Harvey, is an individual residing in and is a citizen of the state of Texas.

II.

Defendant, United of Omaha Life Insurance Company, a Mutual of Omaha Company (MOO), is an insurance carrier doing business in the state of Texas. Defendant, United of Omaha Life Insurance Company, may be served herein by service upon its registered agent, Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

III.

Defendant, Lincoln National Life Insurance Company (Lincoln), is an insurance carrier doing business in the state of Texas. Defendant, Lincoln National Life Insurance Company may be served herein by service upon its registered agent, Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

IV.

Defendant, Heartland Security Insurance Group, Inc. (HSIG), is a Texas corporation. Defendant, Heartland Security Insurance Group, Inc. may be served herein by service upon its registered agent for service, Billy E. Hibbs, Jr., 501 Shelley Drive, Tyler, Texas 75701.

**JURISDICTION**

V.

Jurisdiction is conferred upon this court by 28 U.S.C. §1331 relating to a federal question case. This court has original jurisdiction relating to this civil action which includes causes of action arising under laws of the United States, including the Employee Retirement Income Act of 1974 (ERISA), 29 U.S.C. §1001, *et. seq,* and pendent jurisdiction over the closely related state law claims.

**VENUE**

VI.

Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §1391(b)(1) and (2). A substantial part of the events or omissions giving to the claims which are the subject of this suit occurred in the Eastern District of Texas, Tyler Division. This cause arises out of life insurance benefits which Defendant, Heartland Security Insurance Group, Inc., (HSIG) agreed to provide Richard Harvey as a part of his compensation package for services rendered as an

employee of HSIG. Richard Harvey was employed by HSIG in the Eastern District of Texas, Tyler Division. Defendant, HSIG, has its principal place of business in the Eastern District of Texas. HSIG procured the life insurance benefits which were part of an agreed compensation package due its employee, Richard Harvey, from Defendants Lincoln and MOO. Accordingly, venue is proper in the Tyler Division of the United States District Court for the Eastern District of Texas.

## FACTUAL BASIS FOR COMPLAINT

VII.

Richard Harvey, deceased, was the husband of Plaintiff, Cissey Harvey. Plaintiff, Cissey Harvey, is the surviving widow, representative of the estate of Richard Harvey, deceased, and sole beneficiary of Richard Harvey under the life insurance policies which HSIG promised and agreed to provide as a part of Richard Harvey's compensation agreement for services rendered by Richard Harvey to HSIG.

VIII.

Richard Harvey began his career with HSIG in 1999 and was actively employed by HSIG continuously until his death on January 15, 2019. Mr. Harvey was employed as an integral part of HSIG's information technology networks communication division. As a part of Mr. Harvey's compensation package for the services he rendered as an employee of HSIG, HSIG agreed to provide Mr. Harvey with life insurance benefits. Accordingly, pursuant to the terms of Mr. Harvey's employment agreement with HSIG, HSIG was to provide him with the life insurance benefits which are the subject of this suit.

IX.

Pursuant to the employment compensation agreement between Mr. Harvey and HSIG,

HSIG agreed to provide Mr. Harvey with a group life insurance policy with death benefits of $243,000.00. In addition, HSIG agreed to provide Mr. Harvey with an option to voluntarily purchase additional life insurance benefits with death benefits of $75,000.00. Mr. Harvey exercised this option and personally paid the premiums for the separate, voluntary life policy.

X.

In 2018, Mr. Harvey became gravely ill and received a terminal diagnosis for cancer. At all times material hereto, HSIG knew that its employee, Richard Harvey, was ill and would be dying soon as a result. Accordingly, HSIG knew that the life insurance policies which HSIG agreed to provide Mr. Harvey as a part of his compensation agreement were very significant and that Mr. Harvey and his wife and sole beneficiary, Plaintiff, Cissey Harvey, were justifiably relying upon HSIG to perform, as agreed, and provide the promised life insurance benefits.

XI.

The very nature of the services rendered by Mr. Harvey to HSIG lent themselves to remote work. In fact, a significant percentage of the HSIG employees, particularly in Mr. Harvey's department, worked remotely. Given the highly skilled services which Mr. Harvey rendered to HSIG, HSIG agreed to permit, actively supported, encouraged and accommodated Mr. Harvey to work from home up to and through the date of his death.  Even though Mr. Harvey did not physically come to work at the HSIG offices, HSIG agreed and recognized that Mr. Harvey was a valuable employee and was permitted to work remotely from home and HSIG encouraged him to do so. Mr. Harvey relied upon this agreement throughout his employment with HSIG up through the date of his death. In light of Mr. Harvey's ability to work remotely, even though gravely ill, and the fact HSIG could accommodate his disabilities (for HSIG to have done otherwise would have been potentially a violation of the Americans with Disabilities Act as

well as the Texas Labor Code), Mr. Harvey continued to provide valuable services to HSIG. At all times material hereto, HSIG agreed and recognized that Mr. Harvey was actively employed even though he was working remotely. Mr. Harvey's active employment continued up to and through the date of his death on January 15, 2019.

XII.

Mr. Harvey knew he was going to die. He returned home from his last hospitalization in late December, 2018 and tried to make his last days as normal as possible. Although facing death, Mr. Harvey continued to be loyal to HSIG as they had been to him. Mr. Harvey's dedication and loyalty to HSIG included focusing on work issues, assisting his co-workers, delegating responsibilities and responding to questions from HSIG regarding work issues. Mr. Harvey thereby felt useful and he was able to provide his co-workers with the benefit of his experience and expertise. This was very important to both Mr. Harvey and HSIG since it allowed Mr. Harvey to focus on something other than simply sitting there waiting to die and HSIG to have the benefit of his services and expertise. The value of the services rendered by Mr. Harvey were something which was clearly recognized and appreciated by HSIG, the executives of HSIG, his supervisors, co-workers and wife, Plaintiff, Cissey Harvey. HSIG agreed that Mr. Harvey was to and did in fact remain on the HSIG payroll and was therefore entitled to receive his full compensation for the services he rendered through his active employment up to and through the date of his death, including but not limited to the agreed upon life insurance benefits.

XIII.

In 2018, the life insurance benefits HSIG agreed to provide to Mr. Harvey were covered by policies issued by Defendant, Lincoln. Plaintiff, Cissey Harvey, was the beneficiary of the Lincoln policies. Effective January 1, 2019, HSIG chose to change carriers and switched the

agreed upon life insurance benefits provided to Mr. Harvey to Defendant, MOO. Plaintiff, Cissey Harvey, was the beneficiary of the MOO policies.

XIV.

HSIG knew that Mr. Harvey was gravely ill, had received a terminal diagnosis for cancer and would die soon. Accordingly, HSIG knew that as the sole beneficiary, Plaintiff, Cissey Harvey, would need and was relying upon the death benefits which HSIG has agreed to provide as a part of her husband's compensation package.

XV.

HSIG consists of a family of companies including a national insurance agency, worker's compensation carrier and insurance adjusting firms. HSIG had significant expertise in the insurance business. HSIG agreed and represented to its employee, Richard Harvey, and his wife, Plaintiff, Cissey Harvey, that HSIG would utilize that expertise to maintain and preserve the life insurance coverage it had agreed to provide to Mr. Harvey and provide Mr. Harvey and his wife, Plaintiff, Cissey Harvey, with recommendations and guidance with regard to such coverage, including notifying Mr. and Mrs. Harvey of any benefits to which they were entitled and completing any forms or applications for such benefits.  Mr. Harvey and Plaintiff, Cissey Harvey, justifiably relied upon HSIG's expertise to maintain and preserve the life insurance benefits in force, particularly in light of Mr. Harvey's terminal diagnosis and imminent death, notify them of benefits and complete any forms or applications for such benefits.

XVI.

Pursuant to the employment agreement between HSIG and Mr. Harvey, HSIG agreed to use its expertise and services to maintain the agreed upon life insurance benefits in full force and effect. It was HSIG's choice to transition coverage from Lincoln to MOO. That transition was

motivated by HSIG's desire to reduce its costs. However, HSIG agreed and was obligated to effectuate that transition in such a manner that it would preserve and maintain the life insurance benefits which it had agreed to provide Mr. Harvey as a part of his compensation for services rendered. HSIG was in the best position and had the expertise to advise Mr. and Mrs. Harvey on the impact the transition from Lincoln to MOO would trigger, if any on the agreed life insurance benefits.

XVII.

Prior to Mr. Harvey's death on January 15, 2019, neither Mr. Harvey nor Plaintiff, Cissey Harvey, were provided any recommendations, guidance, applications or forms by HSIG to convert the Lincoln life insurance policies. Although Mr. Harvey had received a terminal diagnosis and HSIG knew that Mr. Harvey had received such diagnosis, HSIG did not provide any recommendations, guidance, applications or forms to either Mr. Harvey or his wife, Plaintiff, Cissey Harvey, to apply for accelerated benefits with Lincoln to which he would have been entitled.

XVIII.

At all times material hereto, HSIG represented to Mr. Harvey and his wife, Plaintiff, Cissey Harvey, that HSIG, as the plan sponsor and plan administrator, considered Mr. Harvey to be actively employed and eligible for the continuation of the life insurance benefits which it had agreed to provide to Mr. Harvey as HSIG transitioned the insurance policies provider from Lincoln to MOO.

XIX.

HSIG, as the plan sponsor and plan administrator, failed to provide any information, notice or communication to Mr. Harvey and his wife, Plaintiff, Cissey Harvey, with regard to or

to alert them to any problem or uncertainty regarding maintaining eligibility for and preserving coverage under the life insurance benefits as a result of the transition from Lincoln to MOO.

XX.

According to Defendants Lincoln and MOO, HSIG, as the plan sponsor and plan administrator, failed to properly handle the records, forms and transition from Lincoln to MOO for the life insurance benefits, specifically failing to maintain the life insurance coverage which HSIG had agreed to provide to Mr. Harvey. According to Defendants Lincoln and MOO, HSIG failed to preserve the continuity of the life insurance coverage. According to Defendants Lincoln and MOO, HSIG failed to transition from one carrier to the other in such a manner so that the benefits to which Mr. Harvey and his beneficiary, Plaintiff, Cissey Harvey, were and would be entitled to upon his death were preserved.

XXI.

On January 15, 2019, Richard Harvey died.

XXII.

Continuing with its assumption of responsibility for presenting recommendations, guidance, completing the applications and forms for benefits to Richard Harvey and his beneficiary, Plaintiff, Cissey Harvey, HSIG represented to Plaintiff, Cissey Harvey, that HSIG, as the plan sponsor and plan administrator, would and did, in fact, prepare, complete, and present the claim applications for the agreed upon life insurance benefits to Plaintiff, Cissey Harvey, as the sole beneficiary of her deceased husband, Richard Harvey. HSIG prepared and completed the insurance claim forms, presented the same to Plaintiff, Cissey Harvey, for her signature, with instructions that Plaintiff, Cissey Harvey, return the same to HSIG which would then file them

with Lincoln and MOO on her behalf. On behalf of Plaintiff, Cissey Harvey, HSIG submitted claims for the life insurance benefits to both Defendant Lincoln and Defendant MOO. Both life insurance carriers have denied Plaintiff, Cissey Harvey's, claim for the life insurance benefits.

XXIII.

In addition to the claim applications for the life insurance benefits, HSIG, as the plan sponsor and plan administrator, also prepared, completed and presented to Plaintiff, Cissey Harvey, an application to convert the Lincoln policy and an application for accelerated benefits under the Lincoln policy for her signature. Under the terms of the Lincoln policy, Plaintiff, Cissey Harvey, was entitled to convert the policy. In addition, under the terms of the Lincoln policy, Plaintiff, Cissey Harvey, and her husband, Richard Harvey, were entitled to claim accelerated benefits under the Lincoln policy as a result of his terminal diagnosis. HSIG did not prepare, complete or present any application to convert the Lincoln policy or to apply for accelerated benefits under the Lincoln policy to Plaintiff, Cissey Harvey, until after Richard Harvey's death.

XXIV.

HSIG is the plan sponsor and plan administrator for the employment benefits plan which includes the life insurance benefits which are the subject of this suit.

XXV.

Defendant Lincoln denied Plaintiff, Cissey Harvey's, claim for life insurance benefits alleging that both policies of insurance, the group policy with death benefits of $243,000.00 and voluntary supplemental policy with death benefits of $75,000.00, had been terminated by HSIG effective December 31, 2018 and were no longer in effect on the date of Richard Harvey's death,

January 15, 2019. In addition, Defendant Lincoln claimed that HSIG, as the plan sponsor and plan administrator, had not timely filed the application to convert the hereinabove described policies and application for accelerated benefits to which Mr. Harvey and Plaintiff, Cissey Harvey, were entitled in light of Mr. Harvey's terminal diagnosis.

XXVI.

At no time during the transition of these policies from Defendant Lincoln to Defendant MOO prior to Mr. Harvey's death, did HSIG, as the plan sponsor and plan administrator, advise Richard Harvey or his wife, Plaintiff, Cissey Harvey, of any recommendation or need to make any application to convert the Lincoln policies, for accelerated benefits under the Lincoln policies or alert or warn either Richard Harvey or his wife, Plaintiff, Cissey Harvey, of any threat to the agreed upon life insurance coverage as a result of the transition from Lincoln to MOO. To the contrary, HSIG continued to represent to Richard Harvey and Plaintiff, Cissey Harvey, that Mr. Harvey continued to be eligible for and covered under the hereinabove described life insurance policies pursuant to his agreed upon employment compensation package through the switch or transition from Lincoln to MOO.

XXVII.

Defendant Lincoln has alleged that Defendant MOO was responsible for payment of the hereinabove described life insurance benefits.

XXVIII.

Defendant MOO has denied Plaintiff, Cissey Harvey's, claims for life insurance benefits, alleging that her husband, Richard Harvey, was not eligible for the life insurance benefits because he was not actively employed by HSIG when the policy became effective on January 1,

2019. Defendant MOO has further claimed that at no time from January 1, 2019 to the date of his death, January 15, 2019, did Richard Harvey become actively employed by HSIG.

XXIX.

Defendant MOO's claim that Richard Harvey was not actively employed had no basis in fact. To the contrary, HSIG, as the plan sponsor and plan administrator, determined that Mr. Harvey was actively employed and so informed MOO. In support of that determination, HSIG, as plan administrator, provided Defendant MOO with phone and work records, emails and sworn declarations from his supervisor and co-workers describing in detail the services rendered by Mr. Harvey in the course of his active employment during the time period from January 1, 2019 to the date of his death. In addition, HSIG provided documentation from its CEO, Human Resource Vice President, and Mr. Harvey's supervisor confirming that HSIG considered Mr. Harvey to be actively employed, had agreed that he could work remotely from home and that the services he rendered from home were performed with the encouragement, agreement and acceptance of HSIG. Accordingly, the documentation provided by HSIG to MOO confirmed that as the plan administrator, HSIG had a reasonable basis to determine and conclude that Richard Harvey was actively employed, eligible for and entitled to the hereinabove described life insurance benefits including the group policy with benefits of $243,000.00 and voluntary supplemental policy with death benefits $75,000.00.

XXX.

In addition, HSIG provided Defendant MOO with documentation wherein Defendant MOO had confirmed and represented to HSIG, prior to Mr. Harvey's death, that all of HSIG's employees, including Richard Harvey, would be covered by the hereinabove described life insurance policies as an inducement to effectuate the switch from Lincoln to MOO.

XXXI.

In spite of the hereinabove described determination by HSIG, the plan sponsor and administrator, and supporting evidence, Defendant MOO wrongfully denied Plaintiff, Cissey Harvey's, claim for life insurance benefits.

XXXII.

In addition, Defendant MOO claimed that the benefits should have been paid by Defendant Lincoln.

XXXIII.

At all times material hereto, Defendants, Lincoln and MOO, were operating under a conflict of interest. Specifically, both Defendants, Lincoln and MOO, had the dual role of insurers and claims payers and therefore had an actual conflict of interest.

XXXIV.

As a result of Defendants' hereinabove described wrongful conduct, the life insurance benefits to which Plaintiff, Cissey Harvey, is entitled have yet to be paid.

XXXV.

All conditions precedent to the prosecution of this action as to Defendants have been satisfied as Plaintiff has made claims for benefits, was denied the benefits by Defendants and has appealed their denial decisions.  Plaintiff has exhausted all her remedies pursuant to ERISA and the plan provided by HSIG.

CAUSES OF ACTION

XXXVI.

The conduct of Defendant HSIG, individually and as the plan sponsor and plan administrator, constituted negligence for its failure to exercise ordinary care in the maintenance

and administration of the life insurance benefits which it had agreed and promised to provide to Richard Harvey. The negligence of Defendant HSIG included, but is not limited to the following:

A) Failing to provide information and documentation to Mr. Harvey his wife, Plaintiff, Cissey Harvey, with respect to maintaining eligibility for the life insurance benefits which HSIG agreed to provide to Mr. Harvey as part of his compensation package;

B) Failing to properly handle the records, forms and transition from Lincoln to MOO for the life insurance policies, specifically failing to maintain the coverage which HSIG had agreed to provide to Mr. Harvey and to which Mr. Harvey and his wife, Plaintiff, Cissey Harvey, were entitled;

C) Failing to preserve the continuity of coverage for Mr. Harvey, particularly in light of his imminent death; and

D) Failing to transition from carrier to another in such a manner so that the benefits which HSIG had agreed and promised to provide to Mr. Harvey and his wife, Plaintiff, Cissey Harvey, were preserved.

XXXVII.

Defendant, HSIG undertook to render services to Richard Harvey and his wife, Plaintiff, Cissey Harvey, in connection with recommending, guiding, providing and maintaining the hereinabove described life insurance coverage, including but not limited to timely and properly notifying the Harveys of benefits and preparing claim forms for any benefits to which Richard Harvey and Plaintiff, Cissey Harvey, were entitled. Accordingly, Defendant, HSIG, had a duty to exercise reasonable care in performing such undertakings. The hereinabove described conduct of Defendant, HSIG, breached its duty of ordinary care and constituted negligence.

XXXVIII.

The conduct of Defendants constituted breach of contract.

XXXIX.

The conduct of Defendants constituted a breach of their fiduciary duty to Plaintiff, Cissey Harvey.

XL.

Defendant Lincoln had no reasonable basis to deny the claim for life insurance benefits, application to convert the Lincoln policy or claim for accelerated benefits by or on behalf of Plaintiff, Cissey Harvey.

XLI.

Defendant MOO had no reasonable basis to deny the claim for life insurance benefits by Plaintiff, Cissey Harvey.

XLII.

The decision by Defendant, Lincoln, to deny the claim for life insurance benefits, application to convert the Lincoln policy and claim for accelerated benefits by or on behalf of Plaintiff, Cissey Harvey, was arbitrary and capricious.

XLIII.

The decision by Defendant, MOO, to deny the claim for life insurance benefits of Plaintiff, Cissey Harvey, was arbitrary and capricious.

XLIV.

The determination of the plan sponsor and plan administrator that Richard Harvey was actively employed and therefore eligible for coverage under the policies of insurance issued by Defendant MOO was factually correct, supported substantial evidence, was not capricious or

arbitrary and did not constitute an abuse of discretion. Therefore, Defendant, MOO, had no legal or factual basis to ignore or overrule the determination by the plan sponsor and plan administrator and deny the claim for life insurance benefits of Plaintiff, Cissey Harvey.

XLV.

The hereinabove wrongful conduct of Defendants was a resulting, producing and proximate cause of the actual damages of Plaintiff, Cissey Harvey.

DAMAGES AND CLAIMS FOR RELIEF

XLVI.

Accordingly, Plaintiff, Cissey Harvey, is entitled to recover of and from Defendants the death benefits pursuant the group policy in the amount of $243,000.00 and death benefits pursuant to the supplemental voluntary policy in the amount of $75,000.00.

XLVII.

Plaintiff, Cissey Harvey, is further entitled to recover from Defendants, pre-judgment and post-judgment interest for which she seeks recovery.

XLVIII.

Plaintiff, Cissey Harvey, is further entitled to recover from Defendants 18% interest pursuant to Sec. 542.060, Texas Insurance Code.

XLIX.

Plaintiff, Cissey Harvey, is further entitled to recover from Defendants the reasonable and necessary attorney fees which she had incurred for the prosecution of this cause.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Cissey Harvey, prays that Defendants be cited to appear herein and upon final trial hereof that she recover of and from Defendants, jointly and severally, her actual damages, including the death benefits due under the

above described life insurance policies, pre-judgment interest, post-judgement interest, statutory interest of 18% pursuant to Sec. 542.060, Texas Insurance Code, reasonable and necessary attorney fees, costs of court and such other and further relief to which Plaintiff, Cissey Harvey, may show herself justly entitled.

                        Respectfully submitted,

                        EWERT LAW FIRM
                        6655 Oak Hill Blvd
                        Tyler, Texas 75701
                        Telephone:  903.581.5000
                        Facsimile:   903.581.5557
                        chris@ewertlawfirm.com

                        By: */s/  Christopher J. Ewert*
                             Christopher J. Ewert
                             State Bar No. 06754200

                        ATTORNEY FOR PLAINTIFF