IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| CISSEY HARVEY, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | |
| § | Case No. 6:20-cv-120-JDK |
| UNITED OF OMAHA LIFE § | |
| INSURANCE COMPANY, LINCOLN § | |
| NATIONAL LIFE INSURANCE § | |
| COMPANY, AND HEARTLAND § | |
| SECURITY INSURANCE GROUP, § | |
| INC., § | |
| § | |
| Defendants. § | |

**OPINION AND ORDER**

Plaintiff Cissey Harvey filed this insurance coverage dispute against Defendants Heartland Security Insurance Group, Inc. (Heartland); United of Omaha Life Insurance Company (United); and Lincoln National Life Insurance Company (Lincoln National).[1]  Docket No. 1.  Harvey alleges that Defendants failed to pay her deceased husband's life insurance benefits.

United now moves for partial dismissal, seeking to limit Harvey to a single claim arising under 29 U.S.C. § 1132(a)(1)(B) and to dismiss the remaining claims against it.  Docket No. 25 at 25–26, ¶¶ LXVI–LXIX.  For the reasons discussed below, the Court **GRANTS** United's motion.

---

[1] Plaintiff Harvey and Defendant Lincoln National reached an out-of-court settlement.  Docket No. 60.

## I. BACKGROUND

Heartland employed Richard Harvey from 1999 until his death on January 15, 2019. Docket No. 25 at 3, ¶ VIII. As part of his compensation, Mr. Harvey received life insurance coverage. *Id.* Mr. Harvey named his wife, Cissey Harvey, as the sole beneficiary on his life insurance policies. *Id.* at ¶ VII. On January 1, 2019, Heartland migrated its employees' insurance coverage from Lincoln National to United. *Id.* at 7, ¶ XV. Heartland requested written confirmation from United that it would continue coverage for anyone insured by Lincoln National. *Id.* at 8, ¶ XVII. United provided such confirmation, and Heartland and the Harveys relied on it. *Id.* Mr. Harvey's group policy provided $243,000 in coverage, and his supplemental policy provided coverage of $75,000. *Id.* at 3–4, ¶ IX.

Upon Mr. Harvey's death, Heartland filed an insurance-benefits claim with United. *Id.* at 13 at XXXI. United denied the claim. *Id.* Plaintiff Cissey Harvey then sued United, along with Heartland and Lincoln National. *Id.* at 1–2, ¶¶ I–IV. Plaintiff alleges that Defendants are responsible for the failure to "properly handle the records, forms and transition from Lincoln to [United] for the life insurance benefit." *Id.* at 12, ¶ XXIX. Plaintiff also contends that the three Defendants are fiduciaries under the Employee Retirement Income Security Act (ERISA), *id.* at 18, ¶ XLVII, and that they owed an affirmative duty to inform the Harveys of potentially harmful insurance lapses. *Id.* at ¶ XLIX. Plaintiff asserted four causes of action against United: a 29 U.S.C. § 1132(a)(1)(B) claim, a breach of contract claim, a claim for violating the terms of the ERISA plan, and a claim for breach of fiduciary duty under 29 U.S.C. § 1132(a)(3). Docket No. 25 at 25–26, ¶¶ LXVI–LXIX.

Pursuant to Federal Rule of Civil Procedure 12(b)(6), United now moves to dismiss Plaintiff's claims for breach of contract, violation of the plan's terms, and breach of fiduciary duty under 29 U.S.C. § 1132(a)(3).

## II. MOTION TO DISMISS STANDARD

Under Rule 12(b)(6), a party may seek dismissal for failure to state a claim upon which relief can be granted. "Thus, claims may be dismissed under Rule 12(b)(6) 'on the basis of a dispositive issue of law.'" *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 734 (5th Cir. 2019) (quoting *Neitzke v. Williams*, 490 U.S. 319, 326 (1989)). Claims may also be dismissed if the plaintiff (here, Plaintiff Harvey) does not plead sufficient facts, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Such "[f]actual allegations must be enough to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, and must "make relief plausible, not merely conceivable, when taken as true." *United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 186 (5th Cir. 2009).

In evaluating a Rule 12(b)(6) motion, the Court must "accept as true all well pleaded facts in the complaint." *Campbell v. Wells Fargo Bank, N.A.*, 781 F.2d 440, 442 (5th Cir. 1986). "All questions of fact and any ambiguities in the current controlling substantive law must be resolved in the plaintiff's favor." *Lewis v. Fresne*, 252 F.3d 352, 357 (5th Cir. 2001).

## III. ANALYSIS

### A. ERISA preempts Harvey's breach of contract claim.

Harvey asserts a cause of action for "breach of contract" against United. Docket No. 25 at 25 ¶ LXVII. United argues that ERISA expressly and completely preempts this state law claim. Docket No. 44 at 4–6. Harvey does not respond to these arguments but instead asserts an ERISA common-law estoppel claim. Docket No. 53 at 6–7. The Court agrees with United: ERISA expressly preempts Harvey's common law breach of contract claim.

ERISA includes an express preemption clause:

> Except as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III **shall supersede any and all State laws** insofar as they may now or hereafter **relate to any employee benefit plan** described in section 1003(a) of this title and not exempt under section 1003(b) of this title. This section shall take effect on January 1, 1975.

29 U.S.C. § 1144(a) (emphasis added). A party arguing preemption under this provision must prove that the state law claim "addresses an area of exclusive federal concern" and "directly affects the relationship among traditional ERISA entities." *Bank of La. v. Aetna U.S. Healthcare Inc.*, 468 F.3d 237, 242 (5th Cir. 2006) (quoting *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 432 (5th Cir. 2004)).

Applying that test here, the Court finds that Harvey's breach of contract claim is preempted. The claim addresses an area of exclusive federal concern because it is based upon the "right to receive benefits under the terms of the Plan," which the Fifth Circuit has expressly identified as a federal concern. *See id.* And the claim directly affects the relationship between a purported fiduciary and purported beneficiary,

which are, as stated by the Fifth Circuit, "traditional ERISA entities." *See id.* Per guiding circuit precedent, "state law claims for breach of contract . . . are preempted." *Graham v. Metro. Life Ins. Co.*, 349 F. App'x 957, 960 n.4 (5th Cir. 2009) (per curiam) (citing *Bank of La.*, 468 F.3d at 242); *accord Hobson v. Robinson*, 75 F. App'x 949, 952 (5th Cir. 2003) (unpublished). Thus, as a matter of law, ERISA preempts Harvey's breach of contract claim. *See, e.g.*, *Wood v. Connecticut Gen. Life Ins. Co.*, No. 9:10-CV-173, 2011 WL 13300365, at *2 (E.D. Tex. Jan. 7, 2011) (unpublished) (granting motion to dismiss because "breach of contract . . . claims asserted by [plaintiff] against [defendant] are state law claims preempted by ERISA[]"); *McCall v. U.S. Foodservice, Inc.*, No. 1:10-CV-342, 2011 WL 13217508, at *2 (E.D. Tex. Mar. 25, 2011) (granting summary judgment because "breach of contract claims . . . are entirely preempted by ERISA[]"); *Se. Texas EMS, L.L.C. v. Hopper*, No. 1:07-CV-984, 2009 WL 10708868, at *6 (E.D. Tex. Jan. 2, 2009) (same).[2]

Harvey does not dispute that a state law breach of contract claim is preempted by ERISA. Instead, she argues that courts have permitted ERISA equitable-estoppel claims. *See Mello v. Sara Lee Corp.*, 421 F.3d 440, 444 (5th Cir. 2005). Docket No. 53 at 6–7. But Harvey does not identify where in the complaint she pled an equitable estoppel claim. *See id.* And, even if she had, it would not save her breach claim. The Court therefore **GRANTS** United's motion to dismiss Harvey's claim for breach of contract.

---

[2] Because the breach of contract claim is expressly preempted, the Court need not address United's complete-preemption argument.

5

### B. Harvey's claim for "violation of the terms of the ERISA plan" duplicates her ERISA claim.

Harvey asserts a cause of action against United for "violation of the terms of the ERISA plan." Docket No. 25 at 25 ¶ LXVIII. United argues that this claim duplicates the claim for benefits under § 1132(a)(1)(B) and should either be dismissed or converted into an § 1132(a)(1)(B) claim. Docket No. 44 at 6. Harvey does not defend the claim's viability. The Court agrees with United: the plan-violation claim duplicates an asserted statutory claim.

Section 1132(a)(1)(B) creates a cause of action for a plaintiff "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). ERISA is a "comprehensive legislative scheme," which includes "an integrated system of procedures for enforcement." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 209–10 (2004) (quoting *Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 147 (1985)). Further, as described above, ERISA preempts state law actions. *See* 29 U.S.C. § 1144(a). As a result, Harvey's claim for "violation of the terms of the ERISA plan" cannot arise under state law and must arise under ERISA's civil enforcement provision, 29 U.S.C. § 1132, to be actionable.

Ordinarily, duplicative claims are permitted because a part may "state as many separate claims or defenses as it has, regardless of consistency." FED. R. CIV. P. 8(d)(3); *see also Giles v. Gen. Elec. Co.*, 245 F.3d 474, 483–84 (5th Cir. 2001). But under the ERISA framework, Harvey's claim for ERISA-plan violations either arises under 29 U.S.C. § 1132 or not at all. Specifically, the purported "violation" claim

6

could arise under § 1132(a)(1)(B) or (a)(3), both of which provide recovery for violation of the "terms of the plan." Harvey pled both a § 1132(a)(1)(B) and an (a)(3) claim. Docket No. 25 at 24–26 ¶¶ LXVI, LXIX. Either way, Harvey's charge of "violation of the terms of the ERISA plan" is indistinguishable from an asserted statutory claim. Accordingly, the Court **GRANTS** United's motion to dismiss Harvey's claim for "violation of the terms of the ERISA plan."

### C. Harvey has no breach of fiduciary duty claim against United under § 1132(a)(3).

Harvey also asserts a cause of action against United "pursuant to ERISA, 29 USC Section 1132(a)(3)." Docket No. 25 at 25–26 ¶ LXIX. United argues that this claim should be dismissed because a plaintiff cannot simultaneously pursue claims under § 1132(a)(1)(B) and (a)(3). Docket No. 44 at 6–8. United also argues that it was not a fiduciary when the alleged breach occurred, so no claim for breach of fiduciary duty could have accrued under § 1132(a)(3). *Id.* at 8–9. Harvey argues that these propositions are unsupported by the case law and that, if United did not owe a statutory duty, then Harvey's fiduciary claim would arise under common law. Docket No. 53 at 4–6. The Court holds that Harvey's 29 U.S.C. § 1132(a)(1)(B) claim precludes a cause of action under § 1132(a)(3) and need not reach the question of fiduciary status.

A "claimant whose injury creates a cause of action under ERISA § 502(a)(1)(B) may not proceed with a claim under ERISA § 502(a)(3)." *Manuel v. Turner Indus. Grp., L.L.C.*, 905 F.3d 859, 865 (5th Cir. 2018) (quoting *Innova Hosp. San Antonio, Ltd. P'ship v. Blue Cross & Blue Shield of Ga., Inc.*, 892 F.3d 719, 733 (5th Cir. 2018)).

7

Here, the same injury gives rise to Harvey's § 1132 (a)(1)(B) and (a)(3) claims, namely: non-payment of the life insurance benefits. Docket No. 25 at 14–15 ¶¶ XXXVII, XL. Harvey is able to obtain relief under § 1132(a)(1)(B) such that recovery under "§ 1132(a)(3) generally is unavailable." *Innova*, 892 F.3d at 733 (citing *Swenson v. United of Omaha Life Ins. Co.*, 876 F.3d 809, 812 (5th Cir. 2017)).

Harvey cites to opinions issued prior to *Innova* in which some courts permitted both claims to go forward at the motion-to-dismiss phase.[3] These holdings are not persuasive, in view of the Fifth Circuit's subsequent holding that a plaintiff with "an adequate mechanism for redress under § 1132(a)(1)(B) and [] may not simultaneously plead claims under § 1132(a)(3)." *Innova*, 892 F.3d at 734. Similarly, Harvey's citations to sister circuit holdings[4] do not persuade the Court to depart from the Fifth Circuit's clear precedent. The Court "is bound to follow the Fifth Circuit's view of the law" and does so here. *Beam v. Estelle*, 558 F.2d 782, 784 (5th Cir. 1977).

Even absent clear, binding Fifth Circuit precedent precluding Harvey's § 1132(a)(3) claim, Harvey could not recover under this subsection. Under § 1132(a)(3), a plaintiff may seek remedies "*typically* available in equity." *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 256 (1993) (emphasis original); *accord* 29 U.S.C. § 1132(a)(3). Harvey does not seek equitable relief, pursuing instead the group and

---

[3] *E.g., McDowell v. Mercedes-Benz USA, LLC Pension Plan*, 3:16-CV-2096-L, 2017 U.S. Dist. LEXIS 162418, at *15–16 (N.D. Tex. Sep. 30, 2017); *Currier v. Entergy Corp. Employee Benefits Comm.*, No. 16-CV-2793, 2016 WL 6024531, at *4 (E.D. La. Oct. 14, 2016); *Peterson v. Liberty Life Assurance Co. of Bos.*, No. 1:15-CV-00204-SA-DAS, 2016 WL 3849693, at *3 (N.D. Miss. July 13, 2016).

[4] *See Jones v. Aetna Life Ins. Co.*, 856 F.3d 541, 546–47 (8th Cir. 2017*); Moyle v. Liberty Mut. Ret. Ben. Plan*, 823 F.3d 948, 960–62 (9th Cir. 2016), *as amended on denial of reh'g and reh'g en banc* (Aug. 18, 2016).

8

supplemental policy amounts, the value of lost life insurance benefits pursuant to the group and supplemental policy amounts, pre- and post-judgment interest, and reasonable attorney's fees.  Docket No. 25 at 27–28, ¶¶ LXXVII, *et seq*.  These remedies are "nothing other than compensatory *damages*—monetary relief for all losses their plan sustained as a result of the alleged breach of fiduciary duties." *Mertens*, 508 U.S. at 255 (emphasis original).  And "[m]oney damages are, of course, the classic form of *legal* relief." *Id*. (emphasis original).  Because Harvey does not seek an equitable remedy, she has no cognizable claim under § 1132(a)(3).  Accordingly, the Court **GRANTS** United's motion to dismiss Harvey's § 1132(a)(3) claim.[5]

## IV. CONCLUSION

It is **ORDERED** that United's Motion for Partial Dismissal (Docket No. 44) is **GRANTED**.

So **ORDERED** and **SIGNED** this **9th**   day of **February, 2021.**

JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE

---

[5] The Parties dispute United's fiduciary status prior to the policy's effective date.  Having dismissed Harvey's claim for breach of fiduciary duty, this issue is moot.  Fiduciary status is a threshold question in "every case charging breach of ERISA fiduciary duty," *Pegram v. Herdrich*, 530 U.S. 211, 226 (2000), but there is no longer a viable breach-of-ERISA-fiduciary-duty claim.  Under § 1132(a)(1)(B), Harvey alleges United's "denial violated the terms of the continuation of coverage provisions of the plan."  Docket No. 25 at 25 ¶ LXVI.  This section allows a plaintiff to seek to "recover benefits due to him under the terms of his plan."  29 U.S.C. § 1132(a)(1)(B).  The section, by its plain language, "does not limit the scope of defendants that a claimant may bring a lawsuit against." *LifeCare Mgmt. Servs. LLC v. Ins. Mgmt. Adm'rs Inc.*, 703 F.3d 835, 843 (5th Cir. 2013)).  Further, Harvey cannot now *convert* her statutory fiduciary duty claim into a common law claim for fraudulent inducement.  *See* Docket No. 53 at 4.  The Amended Complaint does not assert a common law claim for fraudulent inducement.  *See* Docket No. 25.  And the Court will not judicially amend the Complaint to include one.

9